# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

JOHN BIRDNO, )
)
        Plaintiff, )
)
v. ) No. 13-4188-CV-C-FJG
)
BEST BUY STORES, LP, )
)
        Defendant. )

# **ORDER**

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 16).

On September 26, 2013, defendant filed the pending motion to dismiss, arguing that plaintiff Birdno is not the real party in interest. Instead, defendant asserts that Missouri Farm Bureau Insurance paid insurance proceeds to plaintiff, and defendant believes that Missouri Farm Bureau Insurance is the real party in interest pursuant to Federal Rule of Civil Procedure 17(a)(3). In the alternative, defendant argues that Missouri Farm Bureau Insurance should be joined as a necessary party in this matter under Federal Rule of Civil Procedure 19. As noted by plaintiff in his response, defendant's motion to dismiss did not cite any case law supporting defendant's contention that plaintiff was not the real party in interest under Rule 17 or that plaintiff's insurer is a necessary party under Rule 19.

In plaintiff's response, plaintiff notes the general law in Missouri is that the insured is the only real party in interest in a subrogation action as long as there has not been an assignment of the insured's property damage claim to the insurer. See Hagar v. Wright Tire & Appliance Inc., 33 S.W.3d 605, 610 (Mo. Ct. App. 2000). Plaintiff further notes that under Missouri law, in a subrogation action, the subrogee is neither a proper nor necessary

party, and the action must be brought in the name of the subrogor.  See Roberts v. Progressive Northwestern Insurance Company, 151 S.W.3d 891, 899 (Mo. Ct. App. 2004).

In its reply suggestions, defendant argues (using primarily case law from outside the Eighth Circuit and/or case law over 50 years old) that the issue of who is a proper party to suit is a federal procedural question (as opposed to a question of substantive law), and therefore this Court should not follow Missouri law in this diversity action.  In particular, defendant cites to United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380-81 (1949), and cases discussing Aetna, for the proposition that an insurer is generally the real party in interest in a subrogation action in federal court.

As discussed in plaintiff's sur-reply, Aetna involved four separate Federal Tort Claims Act suits in which none of the cases had been brought in the name of the insured alone—instead, the suits were brought in the names of partial insurer subrogees, where there was a possibility of multiple suits.  See Braniff Airways, Inc. v. Falkingham, 20 F.R.D. 141, 144 (D. Minn. 1957).  The court in Braniff found, in similar circumstances to those presented here, that "when the insured brings the suit alone, to recover for the whole loss, the controversy can be adjudicated completely and finally without the joinder of the insurer subrogees, and the defendant will have only one lawsuit to defend."  Braniff, 20 F.R.D. at 144. Plaintiff further notes a more recent case where this Court has held that in a federal diversity case, the subrogee insurer "has no right to participate in the trial of plaintiff's action."  House of Loyd v. Versa Corp., No. 89-0943-CV-W-6, 1991 U.S. Dist. LEXIS 11501 at *8 (W.D. Mo. 1991)(J. Sachs).  In House of Loyd, the Court found that "[i]f the insurer is merely subrogated to the rights of the insured, it is not the real party in interest and cannot bring the suit."  Id. at *7.

2

The Court further notes that, in a diversity action, state law determines who is a real party in interest. Kuelbs v. Hill, 615 F.3d 1037, 1041 (8th Cir. 2010). Indeed, the Eighth Circuit has cited with approval Hagar v. Wright Tire & Appliance, Inc., 33 S.W.3d 605, 610 (Mo. Ct. App. 2000) in describing Missouri law regarding subrogation. Travelers Prop. Cas.. Ins. Co. of America v. Nat'l Union Ins. Co. of Pittsburg, Pa., 621 F.3d 697, 710 (8th Cir. 2010). See also Cretcher Lynch & Co. v. National Council on Compensation Ins., Inc., 149 F.3d 817, 819 (8th Cir. 1998)(finding that insurer subrogee was not a real party in interest under Missouri law, and dismissing insurer's claims without prejudice). Defendant has not demonstrated that plaintiff is not the real party in interest under Federal Rule of Civil Procedure 17, nor has defendant demonstrated that Missouri Farm Bureau Insurance should be joined as a plaintiff under Federal Rule of Civil Procedure 19. Defendant's motion (Doc. No. 16) is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 6, 2013  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge